```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x

  PRINYAH GODIAH EL-BEY,

                Plaintiff,
                                              MEMORANDUM AND ORDER
          -against-                            20-CV-3296 (EK)(LB)

  BROOKLYN HOSPITAL,

                Defendant.

---------------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Prinyah Godiah El-Bey, proceeding *pro se*, filed this action seeking damages against Defendant regarding her medical treatment in February 2020. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, however, the Complaint is dismissed for lack of jurisdiction.

## I. Background

The following facts are drawn from Plaintiff's Complaint, the allegations of which are assumed to be true at this stage. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (at the pleading stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint). Plaintiff alleges that she was given the medication Depakote when she was a patient at Brooklyn Hospital in February 2020 without being informed about the

medication and its side effects, and that she had a serious negative reaction as a result of taking the medication. Complaint at 4, ECF No. 1 ("Compl."). There is a pending investigation of her allegations against staff at Brooklyn Hospital in the New York State Department of Health's Office of Professional Medical Conduct. *Id.* at 8-9. She seeks damages for her alleged injuries. *Id.* at 4.

## II. Standard of Review

The Court must dismiss an *in forma pauperis* action *sua sponte* if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), a complaint must nevertheless "comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

Federal courts are courts of limited jurisdiction and may not hear cases over which they lack subject matter jurisdiction. *Singh v. U.S. Citizenship and Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). The lack of subject matter

2

jurisdiction cannot be waived, and the issue may be raised at any time by a party or by the court *sua sponte.* *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (cleaned up). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

### III. Discussion

The Court does not have subject matter jurisdiction over this action. Plaintiff invokes this Court's federal question jurisdiction. Compl. at 3. However, her claims for negligence and medical malpractice arise under state, not

3

federal, law. *See, e.g.*, *Obunugafor v. Borchert*, 01-CV-3125, 2001 WL 1255929, at *2 (S.D.N.Y. Oct. 19, 2001) (holding that plaintiff's claims for medical neglect and failure to diagnose amounted to a claim of negligence or malpractice under state law and did not raise a federal question). Plaintiff has not alleged that her medical care was covered under any federal program or provision that would confer federal question jurisdiction over this action. Even affording the *pro se* complaint a liberal reading, there are no factual allegations suggesting the existence of a "colorable federal claim." *See Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 601785, at *3 (E.D.N.Y. Feb. 22, 2012). Accordingly, Plaintiff states no federal question.

Nor may the Court exercise diversity jurisdiction over the state-law claims alleged. For a federal court to exercise diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117-18 (2d Cir. 2014) (diversity jurisdiction is "requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."). Here, the Complaint states that both Plaintiff and Defendant are citizens of New York, Compl. at 1-2, so there is no basis for diversity jurisdiction.

4

Therefore, the Complaint must be dismissed because Plaintiff fails to establish jurisdiction. *Manway Constr. Co. Inc. v. Hous. Auth. of Citv of Hartford*, 711 F.2d 501, 503 (2d Cir.1983); *see also* Fed. R. Civ. P. 12(h)(3).

### IV. Conclusion

Accordingly, the Complaint is dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                /s/ Eric Komitee
                                                ERIC KOMITEE
                                                United States District Judge

Dated:    December 1, 2020
            Brooklyn, New York